I

Robert ANDREU, etc., et al., Plaintiffs in Error, v. UNITED STATES, Defendant in Error. (Circuit Court of Appeals, Fifth Circuit. February 4, 1925.) No. 4290. In error to the District Court of the United States for the Southern District of Florida; Henry D. Clayton, Judge. R. E. Stillman, of Jacksonville, Fla., for plaintiffs in error. Harry W. Reinstine, Asst. U. S. Atty., of Jacksonville, Fla. (Wm. M. Gober, U. S. Atty., of Tampa, Fla., and Maynard Ramsey, Asst. U. S. Atty., of Jacksonville, Fla., on the brief), for the United States. Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM. Plaintiffs in error were convicted of a conspiracy to possess, transport, and sell intoxicating liquor, in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Their only defense was that they were entrapped by government agents. The evidence was in conflict on this issue, and no objection or exception was made or taken to any ruling or charge of the court. The judgment is affirmed.

———

2

CHARLESTON, S. C., MINING & MANUFACTURING COMPANY, Appellant, v. UNITED STATES, Appellee.* (Circuit Court of Appeals, Fifth Circuit. February 7, 1925.) No. 4400. Appeal from the District Court of the United States from the Southern District of Florida; Rhydon M. Call, Judge. W. W. Hampton and W. W. Hampton, Jr., both of Gainesville, Fla. (Wm. Wade Hampton, of Gainesville, Fla., Fred J. Hampton, of Tampa, Fla., Edwin Birkett Hampton and Wilson & Swearingen, of Bartow, Fla., on the brief), for appellant. Wm. M. Gober, U. S. Atty., of Tampa, Fla., and Maynard Ramsey, and Harry W. Reinstine, Asst. U. S. Attys., both of Jacksonville, Fla. Before WALKER and BRYAN. Circuit Judges, and DAWKINS, District Judge.

PER CURIAM. The judgment in this case is affirmed, upon the opinion of the District Judge (298 F. 127).

———

3

Ray COOK, Plaintiff in Error, v. UNITED STATES, Defendant in Error. (Circuit Court of Appeals, Ninth Circuit. March 16, 1925.) No. 4336. In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge. T. D. Page and J. J. Sullivan, both of Seattle, Wash., for plaintiff in error. Thos. P. Revelle, U. S. Atty., and Donald G. Graham, Asst. U. S. Atty., both of Seattle, Wash. Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under

-Certiorari denied 45 S. Ct. 513, 69 L. Ed. —.

the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q). The testimony on the part of the government tended to show that certain narcotic agents gave two marked $5 bills to an informer named Woods, to be used by him in the purchase of narcotics from one Newby. Woods approached Newby in a pool hall, and after a brief conversation between the two a bill was passed from Woods to Newby. Newby then left the pool hall and met the plaintiff in error on the street. Newby there passed a piece of paper money to the plaintiff in error, and the plaintiff in error passed a brown paper bindle to Newby. The plaintiff in error and Newby were thereupon arrested, and, after the arrest, one of the marked $5 bills was found on the person of the plaintiff in error, and the brown paper bindle containing narcotics was found on the person of Newby. One of the narcotic agents was called as a witness on the part of the government, and identified the $5 bill taken from the person of the plaintiff in error as one of the marked bills which had theretofore been given to the informer, Woods. Counsel for the plaintiff in error, on cross-examination, asked certain questions concerning the second bill and its whereabouts. To these questions objections were interposed and sustained. The first assignment of error is based on these rulings. The rulings may or may not have been erroneous; but, be that as it may, the witness was recalled later in the trial, and testified, on cross-examination, that the second bill was returned to the narcotic agents by the wife of the informer, Woods. This explanation seemed entirely satisfactory at the time, or at least it was the information which counsel for the plaintiff in error brought out by direct questions. Under these circumstances there could be no prejudicial error in the original rulings. Later in the trial counsel for the plaintiff in error was called as a witness by the government. On direct examination he answered the questions propounded to him without objection. On cross-examination he testified that he went to the office of the United States attorney with Woods, the informer, and his father, and the informer there stated, in the presence of his father, and in the presence of the district attorney, that he had not given a marked $5 bill to Newby. An objection to this question was sustained, after the answer had been given, and the jury were instructed to disregard the answer. Here the matter ended. No other ruling was made by the court, and no exception was taken to the ruling as made. Under these circumstances, there is manifestly no question before us for review. The other assignments of error are so devoid of merit as to call for no discussion. The judgment is affirmed.