## THE G. K. WENTWORTH.*

### HOSFORD TRANSP. CO. v. FAIRFIELD S. S. CORPORATION.

### SAME v. FIREMAN'S FUND INS. CO. et al.

### SAME v. FAIRFIELD S. S. CORPORATION et al.

### No. 7164.

Circuit Court of Appeals, Ninth Circuit.
Dec. 8, 1933.

Platt, Platt, Fales, Smith & Black, of Portland, Or., for appellant.

Erskine, Wood and Wood, Montague, Matthiessen & Rankin, all of Portland, Or., for appellees.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

These are appeals from a decree of the lower court denying the petition of the Hosford Transportation Company, appellant, for limitation of liability, according to sections 4283 to 4285 of the Revised Statutes of the United States (46 USCA § 183 et seq.).

The case grows out of a collision between the towboat Wentworth, owned and operated by the appellant, and the Maine, a seagoing vessel, owned and operated by Fairfield Steamship Corporation. The collision occurred about 7:20 a. m., June 5, 1930, in the Columbia river near Coffin Rock in a fog bank. The steamship Maine was traveling down the river with the current, while the Wentworth was going upstream, pushing three barges lashed abreast and loaded with sawdust. Both vessels were blowing the statutory fog signals. Shortly before the collision the Maine had passed through a fog bank about 1,300 yards in width. The bank in which the collision occurred seems to have been narrower but very dense.

The owners of the Maine claimed negligence on the part of the Wentworth and her owner in the following particulars: (1) In having her lookout stationed on the hurricane deck of the Wentworth, instead of some part forward on the sawdust barges; (2) in her failure to stop her engines on hearing fog whistles of the Maine; (3) navigating on the wrong side of the fairway; (4) in attempting to handle a tow too large and heavy for her power and maneuverability.

The owner of the Wentworth charged two principal specifications of negligence against the Maine and her owners, namely: (1) Nav-

*Rehearing denied February 23, 1934.

igating on the wrong side of the fairway; (2) in proceeding at an excessive speed.

The court found that the point of collision was a little on that side of midchannel which lay on the starboard side of the Maine, the legal conclusion from which fact being that the Wentworth was on the wrong side of the fairway, in violation of article 25 of the Inland Rules (33 USCA § 210). It also found that the Maine was traveling at an excessive rate of speed, contrary to article 16 of the Inland Rules (33 USCA § 192), and that therefore the fault was on the part of both vessels and the case was one for division of damages.

The case was originally referred to a master for a finding upon the facts and his report filed on July 24, 1931. Thereafter, on December 7, 1931, the court made and entered its findings of fact, conclusions of law, and interlocutory decree, based upon the master's findings. The interlocutory decree recited that the fault upon the part of the steamer Wentworth consisted in its failure to stop the engines on hearing the fog whistles of the Maine; in traveling on her own left side of the fairway, which was the wrong side for her, and that the Wentworth did not maintain a sufficient lookout, the lookout, such as it was, being kept by a man on the Wentworth herself in the vicinity of her pilot house, instead of forward upon the foremost barge, where he should have been.

■ Thereafter notice of appeal was given by the Wentworth and her owner on December 18, 1931, which appeal was voluntarily dismissed on May 16, 1932. On May 21, 1932, appellant petitioned for a limitation of liability, and on June 23, 1932, the owner of the Wentworth transferred said steamboat, her engines, etc., to a trustee. The hearing upon the petition for a limitation of liability was had before a commissioner, who made his report, denying the petition to limit for the reason that the Wentworth was at fault among other reasons for having located her lookout on the hurricane deck, instead of on the front of the foremost barge, and that this particular negligence was not without the privity or knowledge of its owner. This appeal is from the order sustaining this report and denying the petition for limitation of liability.

Appellees confess that in arguing for a denial of the limitation of liability they are pushing the doctrine of privity and knowledge to the extreme limit. It is urged that a shipowner who may be aware of a custom prevailing on his boats, which the court finds has contributed to the collision, and who took no steps to change this custom, has failed in his duty; and the fact he has hired a competent captain and issued him instructions to obey the law at all times will not in the event of an accident permit a limitation of liability. Appellees also concede that according to the many expressions of the Supreme Court the limitation of liability acts should be liberally construed in the interest of shipowners; and they admit that they would not urge the contention here if in this case an ocean-going ship was involved.

It seems to us that the fact that the G. K. Wentworth was a river towboat navigating inland waters does not place it in a different light, and an owner who has appointed a competent shipmaster is entitled to rely on his judgment in the navigation of the ship, and should not hamper the further exercise of his judgment with instructions and orders.

On the question of the limitation of liability, the testimony fails to show that the owners of the Wentworth had such privity and knowledge of any negligence on the part of those in charge of their vessel, or any failure to exercise care on their own part as would preclude the limitation of liability as to them. In other words, the testimony does not show such a degree of privity or knowledge as under the statute (Rev. St. § 4283, 46 USCA § 183) would prevent the limitation of liability in any event.

Witness O. J. Hosford, formerly the general manager of the Hosford Transportation Company, testified that he left complete charge of the vessel to the captain; that Captain Wiley, who was in command at the time of the accident, had been on the river approximately twenty years; and that he was prepared to rely upon his best judgment. He cautioned each captain at different times, in the employ of his company, to comply with the law and use his best judgment at all times.

■ The ability and experience of the captain and the other officers of the Wentworth are not challenged. It was proper for the owners to entrust the management of the vessel to them. The appellant had the right to rely upon the fact that this competent master would observe the rules of navigation, which he well knew; that he would keep on his own side of the fairway; that he would stop or reverse his engines when he heard the signal of an approaching vessel and would not go full speed ahead in a fog under the circumstances which the referee found existed at the time of this collision. The North Star (D. C.) 3 F.(2d) 1010.

"The fundamental principle in navigating a merchantman, whether in times of peace or

of war, is that the commanding officer must be left free to exercise his own judgment. Safe navigation denies the proposition that the judgment and sound discretion of the captain of a vessel must be confined in a mental straight-jacket [by orders]." The Lusitania (D. C.) 251 F. 715, 728.

"Where the owner of a vessel has properly delegated duties with respect to her management to a competent person, something more is required in establishing knowledge and privity as to violations of statutes or regulations than mere negligence as to discovering whether or not those duties have properly been carried out; some degree of actual knowledge or participation must be brought home to the owners." 58 C. J. 659, § 1144.

See, also, Deslions v. La Compagnie Generale Transatlantique (La Bourgogne Case), 210 U. S. 95, 28 S. Ct. 664, 52 L. Ed. 973; In re Rapid Transit Ferry Co. (D. C.) 124 F. 786; The Oneida (C. C. A.) 282 F. 238.

At the termination of the voyage on which the collision occurred on June 5, 1930, the value of the Wentworth was $5,000. This value was undisputed and is amply substantiated by the testimony. At the request of the petitioner herein, the commissioner fixed the value of the ship on May 21, 1932, the time of the filing of the petition to limit liability, at $4,000. Other than the fact that a period of approximately two years elapsed from the time of the accident and the surrender of the boat by the owner to the trustee, there are no facts upon which a diminution of value could be charged against such owners. In this regard the commissioner found that the loss of value of the Wentworth in the work for which it was originally built was due to the advent of the Diesel engine which to a considerable extent had taken the value out of sternwheel steam river boats. The boat was not used after the collision.

The commissioner fixed his values on the basis of the price which a free and willing purchaser would pay for the vessel to a seller willing but not forced to sell. At the same time he expressed the opinion that the ship would bring next to nothing at a marshal's sale if held at that time. He expressly stated that in reaching his conclusions as to values he took judicial cognizance that depressions are not permanent and that in the course of time value is bound to return to tangible property.

The owners cannot be held personally liable for any falling off in value unless it is due to their fault. The Passaic (D. C.) 190 F. 644; The West Hartland (D. C.) 295 F. 547,

affirmed 2 F.(2d) 834 (9th C. C. A.); The Rose Culkin (D. C.) 52 F. 328; Norwich & N. Y. Transp. Co. v. Wright, 80 U. S. (13 Wall.) 104, 20 L. Ed. 585.

However, the commissioner upon the request of the petitioner did find that the value of the Wentworth at the time the petition to limit liability was filed was $1,000 less than her value at the end of the voyage upon which the collision occurred. It thus appears that by reason of the delayed surrender of the vessel to a trustee the creditors were prejudiced to the extent of $1,000.

Under the circumstances of the case, it is our decision that appellants herein be required to pay $1,000, being the loss in value between the date of collision and the date of the surrender of the vessel, with legal interest to be computed from December 7, 1931, the date on which the decree was entered determining the Wentworth's liability.

This case is remanded to the District Court, with instructions to modify its order and decree in accordance with this opinion so that upon payment by the Hosford Transportation Company, appellant herein, of $1,000 with legal interest from December 7, 1931, the said appellant's application to limit liability and be relieved from further personal liability upon the judgments entered herein be granted. That in all other respects said decree be affirmed.

Modified, with instructions.